UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VODONICK,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC.,<br><br>　　　　Defendant. | No.  2:21-cv-1008-JAM-EFB PS<br><br><br>FINDINGS AND RECOMMENDATIONS |

　　　　Federal National Mortgage Association, Inc. ("defendant") has moved to expunge a *lis pendens* that plaintiff recorded against its property at 15230 Willow Ridge Court, Nevada City, CA. ECF No. 16 at 7.  It also requests that plaintiff be required to pay $9,300— the fees and costs associated with bringing the motion to expunge. *Id.* at 22.  Plaintiff has filed an opposition, ECF No. 20, and defendant has filed a reply, ECF No. 23.  After review of the pleadings, the court recommends that defendant's motion be granted and plaintiff's *lis pendens* be expunged.

<u>Background</u>

　　　　Plaintiff owns real property located at 15240 Willow Ridge Court, Nevada City, California.  ECF No. 1 at 8.  Defendant owns adjoining real property located at 15230 Willow Ridge Court, Nevada City, California.  *Id.* at 8-9.  Plaintiff claims that he is "vested in title and interest in various easement for access to across and upon Defendant's property to reach

1

Mosquito Creek and to maintain a fire safe perimeter." *Id.* at 9-10.  He alleges that defendant has disputed the existence of these easements.  *Id.* at 10.  Additionally, plaintiff claims that defendant (and its agents, servants, and employees) has been improperly using his driveway to access its property at 15230 Willow Ridge Court.  *Id.*

Plaintiff requests declaratory relief that states: (1) defendant has no right, title, or interest in his property; (2) the easements he alleges in his complaint are valid and encumber the whole of defendant's property; (3) defendant and its agents have no right to enter, cross, or otherwise use his property for access to the property at 15230 Willow Ridge.  *Id.* at 10-11.  Second, he also seeks to quiet title as to his easements and defendant's ability to cross his property.  *Id.* at 11.  Third, he seeks $150,000 dollars in damages against defendant for trespassing on his property.  *Id.* at 12.  Fourth, plaintiff seeks $150,000 dollars in damages against defendant for slandering his title to the property at 15240 Willow Ridge.  *Id.*  Fifth and finally, plaintiff seeks any injunctive relief to which he might be entitled in connection with the aforementioned.  *Id.* at 13.

## Legal Standards

Federal courts look to the law of the state where the property resides in matters concerning *lis pendens*.  *See* 28 U.S.C. § 1964.  California law provides that "[a] party to an action who asserts a real property claim may record a notice of pendency of action in which that real property claim is alleged."  Cal. Civ. Proc. Code § 405.20; *Fed. Deposit Ins. Corp. v. Charlton*, 17 Cal. App. 4th 1066, 1069, 21 Cal. Rptr. 2d 686 (1993) ("A lis pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice.").  In opposition to a motion to expunge, the party who recorded the notice of *lis pendens* has the burden of proof.  *Id.* § 405.30.  In order to carry the burden, the recording party must demonstrate that "the pleading on which the notice is based does . . . contain a real property claim" and establish "by a preponderance of the evidence the probable validity of the real property claim." *Id.* §§ 405.31, 405.32; *see also Malcolm v. Super. Ct.*, 29 Cal. 3d 518, 525-26, 174 Cal. Rptr. 694, 629 P.2d 495 (1981). A real property claim is defined as a claim in a pleading "which would, if meritorious, affect (a) title to, or the right to possession of, specific real property." Cal. Civ. Proc.

Code § 405.4. Probable validity "means that it is more likely than not that the claimant will obtain a judgment against the defendant on the claim." *Id.* § 405.3.

### Analysis

The court finds that expungement of plaintiff's *lis pendens* is appropriate because his claims lack probable validity. As an initial matter, defendant is correct that plaintiff's claims for trespass and slander of title cannot support *lis pendens*. "A litigant must have a claim affecting an interest in the property against which lis pendens is filed." *Moseley v. Superior Court*, 177 Cal. App. 3d 672, 676, 223 Cal. Rptr. 116 (1986). Plaintiff's claims for trespass and slander of title affect only his own property.

Plaintiff's claim concerning easements fares no better. The complaint vaguely alleges that various easements are disputed, but it never describes any of them. The failure is so fundamental that the court cannot even tell how many easements are at issue. Defendant's motion notes that the parties' previous litigation referenced the existence of a single easement. The Ninth Circuit described that easement as extending "over the westerly five feet and the northerly fifty feet of the neighboring property," and noted that its existence was undisputed by the parties. ECF No. 17 at 70. Thus, the current record as to this easement cannot support probable validity that plaintiff will obtain a judgment against defendant.

Plaintiff does, in his opposition to defendant's motion to expunge, allege that defendant has interfered with his easement over defendant's land. ECF No. 20 at 4. This claim fails because, as defendant points out in its reply, he has failed to produce any evidence supporting that assertion. He does claim, by way of his declaration, that defendant has removed signs marking his easement and told prospective buyers not to be concerned about it. ECF No. 20-1 at 12-13. But these allegations, taken as true, do not establish that defendant has ever contested the existence of the easement or denied him access to it.

Having concluded that defendant's motion to expunge should be granted, the court turns to the issue of fees defendant incurred in bringing this motion. Defendant has requested $9,300 in attorney fees based on 22 hours of work performed by attorney Katherine Meleski at a rate of $300 per hour. ECF No. 16 at 22. The court must award attorney's fees and costs to the

prevailing party on a motion to expunge *lis pendens* unless it finds that the other party acted with substantial justification or that other circumstances make such an award unjust. Cal. Code Civ. Pro. § 405.38. An award of fees is appropriate here because plaintiff's *lis pendens* was not substantially justified. However, the court will require defendant to submit more detailed billing records before determining the amount of fees to be awarded. "The party petitioning for attorneys' fees bears the burden of submitting detailed time records justifying the hours claimed to have been expended." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). Here, defendant has provided only its attorney rate and a total number of hours spent litigating this motion. It must provide billing records indicating how those hours were spent so that the court can assure itself that the total award requested is justified.

In light of the foregoing, it is RECOMMENDED that Defendant's motion to expunge *lis pendens*, ECF No. 16, be GRANTED.

Further, it is ORDERED that defendant submit more detailed billing records within fourteen days of the filing of this order. Any response by plaintiff to those records shall be submitted within seven days of their filing. Further Findings and Recommendations as to award of fees will follow shortly thereafter.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 1, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE