UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN VODONICK, | No. 2:21-cv-1008-JAM-EFB PS |
| Plaintiff, | |
| v. | ORDER |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, INC., | |
| Defendant. | |

Defendant filed a motion to expunge *lis pendens*, ECF No. 13, and, on March 1, 2022, the court recommended that it be granted, ECF No. 25. That recommendation was adopted over plaintiff's objections on April 4, 2022. ECF No. 28. The only matter remaining to be resolved from that motion is what attorney's fees defendant is entitled to.

In granting the motion to expunge, the court must award reasonable attorney's fees and costs unless plaintiff "acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." Cal. Code Civ. Proc. § 405.38. Plaintiff bears the burden of proving that he acted with substantial justification. *See Am. Nat'l Red Cross v. United Way Calif. Capital Region*, No. CIV S-07-1236-WBS-DAD, 2007 U.S. Dist. LEXIS 95296, 2007 WL 4522967, at *7 (E.D. Cal. Dec. 19, 2007). Here, the court finds that plaintiff did not act with substantial justification. As explained in the adopted recommendations, plaintiff's claims lacked probable validity and were easily rejected.

1

Defendant seeks a total of $10,470 for 34.9 hours of work at a rate of $300 dollars per hour. ECF No. 26 at 3. Most of the work was performed by attorney Katherine K. Meleski, but three other counsel also appear in the billing records – Rosty Gore, Andrew J. Mase, and Michael W. Stoltzman. *Id.* at 5. The declaration states that each of these attorneys bills at a rate of 300 dollars an hour. *Id.* at 2-3.

The court will award fees in the amount of $6,510 for all the work performed by Ms. Meleski. The hours listed for her activities are properly documented and appear to be reasonable. The court declines to award fees to any of the three other counsel, however. Though all of the listed attorneys bill at $300, only Ms. Meleski's qualifications are described in the declaration. *Id.* at 2 (stating that Ms. Meleski has seventeen years of experience). Absent information as to the experience of attorneys Gore, Mase, and Stoltzman, the court cannot tell whether $300 is a reasonable hourly rate for their work. As the Supreme Court has noted:

> To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence -- in addition to the attorney's own affidavits -- that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.

*Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Defendant has not carried that burden for any attorney other than Ms. Meleski.

Accordingly, it is hereby ORDERED that defendant's request for attorneys' fees is granted in part, and plaintiff is directed to pay $6,510 in attorney's fees.

Dated: April 11, 2022.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE